IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA, )
 ) No. CV 09-310-HU
                Plaintiff, )
 )
     v. )
 ) FINDINGS AND
TODD D. GASTALDO, ) RECOMMENDATION
 )
                Defendant. )
_____)

Todd D. Gastaldo, DC
22115 N.W. Imbrie Drive # 338
Hillsboro, Oregon 97124
     Pro se

Kent Robinson
Acting United States Attorney
District of Oregon
Robert D. Nesler
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204
     Attorneys for defendant

HUBEL, Magistrate Judge:

     This is an action by the United States to collect from defendant Todd Gastaldo amounts due on three federally insured

FINDINGS AND RECOMMENDATION Page 1

student loans. The loans were for $2,500, $3,500, and $3,500 respectively, for a total of $9,500. The government seeks the unpaid principal[1] plus interest at 7% as of December 8, 2008, and continuing thereafter, as well as administrative costs. The matters before the court are Mr. Gastaldo's motion to dismiss (doc. #5) and the government's motion for summary judgment (doc. #11). I recommend that the motion to dismiss be denied and that the motion for summary judgment be granted.

## Standards

A motion to dismiss for failure to state a claim should be granted if the plaintiff is unable to delineate "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(*abrogating* Conley v. Gibson, 355 U.S. 41 (1957)); Fed. R. Civ. P. 12(b)(6). For purposes of such a motion, the complaint is construed in a light most favorable to the plaintiff and all properly pleaded factual allegations are taken as true. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Everest & Jennings, Inc. v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994). All reasonable inferences are to be drawn in favor of the plaintiff. Jacobson v. Hughes Aircraft, 105 F.3d 1288, 1296 (9th Cir. 1997).

A party is entitled to summary judgment if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as

---

[1] As discussed below, part of the debt was offset by the Treasury Offset Program.

FINDINGS AND RECOMMENDATION Page 2

to any material fact." Fed. R. Civ. P. 56(c). The moving party has the burden of establishing the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. <u>Id</u>. at 324. Assuming that there has been sufficient time for discovery, summary judgment should be entered against a "party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Id.</u> at 322.

**Discussion**

**I.   Defendant's motion to dismiss**

Mr. Gastaldo asserts two grounds for his motion to dismiss the government's complaint: failure to state a claim and an affirmative defense that Mr. Gastaldo paid the debt by overpaying his federal taxes.

    A.   Failure to state a claim

Mr. Gastaldo asserts that the government has failed to state a claim because there was fraud in the inducement of his chiropractic student loans. He argues that the government allowed anti-chiropractic lobbyists to financially sabotage chiropractors by requiring them to demonstrate vertebral subluxations by x-rays ("radiation fraud,"). Mr. Gastaldo also asserts, presumably as part of his fraud claim, that the government makes payments through Medicare to hospitals to train obstetricians in "mass birth-canal-

FINDINGS AND RECOMMENDATION Page 3

closing/spinal manipulation child abuse" by allowing women to give birth sitting or lying down; in "mass baby asphyxiation" by cutting the umbilical cord immediately after birth; in "mass infant penis ripping and slicing," by infant circumcision falsely justified by an "obvious HIV/AIDS hoax;" and by promoting mandatory immunizations and medical immunity from liability for vaccine-induced injuries. He urges the lawyers representing the government in this case to investigate these claims and file an action under the False Claims Act, 31 U.S.C. § 3729(a)(1).

Mr. Gastaldo's motion to dismiss for failure to state a claim does not address the debt collection claims alleged in the government's complaint.

### B. Affirmative defense

Mr. Gastaldo also moves to dismiss on the ground that he has repaid the loans through voluntary overpayment of his taxes. The government counters that Mr. Gastaldo did not raise this defense in his answer, and that it should therefore be disregarded. The government cites Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984)(affirmative defenses may not ordinarily be raised by motion to dismiss); McNeil Const. Co. v. Livingston State Bank, 265 F.2d 308, 312 (9th Cir. 1959)(payment is an affirmative defense which should be presented by answer).

The Ninth Circuit has, since these cases were decided, "liberalized the requirement that defendants must raise affirmative defenses in their initial pleadings." Magana v. Commonwealth of the Northern Mariana Islands, 107 F.3d 1436, 1446 (9th Cir. 1997). A

FINDINGS AND RECOMMENDATION Page 4

defendant may raise an affirmative defense for the first time in a motion so long as the delay does not prejudice the plaintiff. Id.

I am unpersuaded, therefore, by the government's argument that Mr. Gastaldo's affirmative defense of payment fails because it was not pleaded in his answer. Nevertheless, Mr. Gastaldo cannot prevail on his motion to dismiss.

An affirmative defense may be raised in a motion to dismiss only if it raises no disputed issues of fact. Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984). Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss. In the context of a motion to dismiss under Rule 12(b)(6), all material facts as pleaded in the complaint are assumed to be true, and are construed in the light most favorable to the plaintiff. See, e.g., Summit Health, Ltd. v. Pinhas, 500 U.S. 322, 325 (1991); Cervantes v. United States, 330 F.3d 1186, 1187 (9th Cir. 2003). The material facts as pleaded in the complaint, and the reasonable inferences to be drawn from them, contradict Mr. Gastaldo's affirmative defense of payment. Such disputed issues of fact preclude Mr. Gastaldo from raising his affirmative defense in a motion to dismiss.

Nor can the court construe Mr. Gastaldo's motion to dismiss as one for judgment on the pleadings pursuant to Rule 12(c). Rule 12(c) requires that a motion for judgment on the pleadings be made after the pleadings are closed. Because Mr. Gastaldo has not filed an answer, the pleadings are not closed. In the absence of an answer, the only pleading to be considered under Rule 12(c) is the

FINDINGS AND RECOMMENDATION Page 5

1 complaint.

2 Further, a motion for judgment on the pleadings requires the
3 court to take all the allegations in the pleadings as true, and
4 construe the pleadings in the light most favorable to the nonmoving
5 party. Doyle v. Raley's, Inc., 158 F.3d 1012, 1014 (9th Cir. 1998).
6 When the allegations of the complaint are taken as true, with all
7 reasonable inferences drawn in the government's favor, Mr. Gastaldo
8 is not entitled to judgment in his favor on his affirmative
9 defense.

10 The court can convert Mr. Gastaldo's motion to dismiss into a
11 motion for summary judgment, pursuant to Rule 12(d), which
12 provides:

13 > If, on a motion under Rule 12(b)(6) or 12(c), matters
> outside the pleadings are presented to and not excluded
14 > by the court, the motion must be treated as one for
> summary judgment under Rule 56.
15

16 I recommend treating Mr. Gastaldo's motion to dismiss, pages
17 seven and eight, as a motion for summary judgment. The government's
18 motion for summary judgment should be treated as a response to Mr.
19 Gastaldo's motion.

20 In a motion for summary judgment, the moving party has the
21 burden of establishing the absence of a genuine issue of material
22 fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Further,
23 on a motion for summary judgment, the court must view the evidence
24 in the light most favorable to the non-movant and must draw all
25 reasonable inferences in the non-movant's favor. Clicks Billiards
26 Inc. v. Sixshooters Inc., 251 F.3d 1252, 1257 (9th Cir. 2001). Even
27 if Mr. Gastaldo's motion to dismiss is converted to one for summary

28 FINDINGS AND RECOMMENDATION Page 6

judgment, Mr. Gastaldo has not established the absence of a genuine issue of material fact with respect to whether he has paid the debt, as discussed below, and therefore is not entitled to summary judgment on his affirmative defense.

### II. Government's motion for summary judgment

The government moves for summary judgment. If the government shows the absence of a genuine issue of material fact, Mr. Gastaldo must go beyond the pleadings and identify facts which show a genuine issue for trial in order to survive the motion. Celotex, 477 U.S. at 323-24. Assuming that there has been sufficient time for discovery, summary judgment should be entered against a "party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

The government has produced evidence proving its prima facie case of Mr. Gastaldo's indebtedness. Declaration of Lynda Faatalale ¶¶ 14, 15, 16, 17, attachments C, D, E, F, G, H, K, L, M, N, O, S, T, U, V, W, X. Mr. Gastaldo does not dispute that the debts were incurred. The government has produced competent evidence that the debt has not been repaid. Id. at ¶¶ 15, 16, 17, 20, attachments I, Q, Y, CC.[2] The government has produced evidence that despite numerous attempts at collection, including 132 letters, Mr. Gastaldo still owes $26,412.59 in principal and interest as of June 1, 2009. Id. at ¶¶ 15, 16, 17, 26, attachments KK and LL.

---

[2] Some, but not all, of Mr. Gastaldo's debt has been discharged through Treasury Offset Payments. Id. at ¶ 24, 25, and attachments HH, II, JJ.

FINDINGS AND RECOMMENDATION Page 7

Mr. Gastaldo has not identified facts which contradict this evidence. Mr. Gastaldo bears the burden of proof on his affirmative defense, and thus must make a showing of payment.

Mr. Gastaldo's conclusory statements that the debt was discharged through his voluntary overpayment of taxes, see Defendant's Motion to Dismiss, pages seven and eight, is not sufficient to create a genuine issue of material fact that defeats the government's motion for summary judgment. The statements are not allegations in an answer raising an affirmative defense. They are not in the form of an affidavit. Even if the statements are treated as an affidavit (which I do not recommend), they do not contain facts which would either support Mr. Gastaldo's affirmative defense or disprove the government's prima facie case, such as the date or dates the alleged payments were made, the amounts allegedly paid, or even the amount of the taxes allegedly due, to enable one to see an overpayment had been made and the amount of that overpayment.

### Conclusion

I recommend that Mr. Gastaldo's motion to dismiss (doc. # 5) be treated as a motion for summary judgment and be DENIED, and that the government's motion for summary judgment (doc. # 11) be GRANTED.

### Scheduling Order

These Findings and Recommendation will be referred to a district judge. Objections, if any, are due December 17, 2009. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due December 31, 2009. When the response is due or

FINDINGS AND RECOMMENDATION Page 8

filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 2nd day of <u>December</u>, 2009.

                                         /s/ Dennis James Hubel

                                            Dennis James Hubel
                                     United States Magistrate Judge

FINDINGS AND RECOMMENDATION Page 9